### H. H. GILLEY v. T. J. HADDOX.

#### (No. 2973.)

APPEAL from Burleson County. Opinion by DAVIDSON, J.

W. H. HOMAN, counsel for appellant.

SAM G. RAGSDALE and R. G. STREET, counsel for appellee.

§ 213. *Hog law; subdivision of county; construction of statute; case stated.* On April 8, 1887, an election was held under the provisions of chapter 4, title 93, of the Revised Statutes, to determine whether or not hogs, sheep and goats should be permitted to run at large within the limits of the town of Caldwell, said town being about one mile square, and incorporated for school purposes only. This resulted in adopting said law within said limits. On the 13th of March, 1888, an election was held under the same law for a larger subdivision of Burleson county, embracing about ten square miles, and including within the limits of said ten square miles the town of Caldwell. All of said territory was situate in justice precinct No. 1 of Burleson county. When the second election was ordered, it was based upon a petition signed by twenty-five freeholders, fifteen of whom were

freeholders residing in the town of Caldwell; the remaining ten resided within the ten square miles, but outside the limits of the said town. Appellant and appellee both reside within the ten square miles, but outside of the town of Caldwell, and outside of the territory involved in the first election. The manner of conducting the elections is admitted to have been regular, and the formalities of declaring result, etc., to be in conformity with the requirements of the statutes. After the law had been proclaimed to be in effect, five hogs belonging to appellee fell into the hands of appellant, who proceeded to impound same, and upon appellee's requesting him to release said hogs he refused to do so, and appellee brought suit in the justice's court against him in the alternative for the hogs, or their value, alleging same to be $25, as well as for damages in the sum of $125, and recovered judgment against appellant. The appellant appealed, and in the county court a trial *de novo* was had, which resulted favorably to appellee also, and appellant prosecuted his appeal to this court. Appellant's assignment of error is based upon the idea that the court erred in holding that the appellant wrongfully detained appellee's hogs, and in further holding that the stock and fence law had not been adopted in a subdivision of Burleson county embracing appellant's premises. The town of Caldwell is a "subdivision" of Burleson county, whatever construction may be placed on the word "subdivision," as used in the constitution (art. 16, § 22) and statutes of this state, as set out in chapter 4, title 93, of the Revised Statutes, or whatever definition may be given that word in said connection. If "subdivision" means the territory carved out by metes and bounds by the petition provided for in article 4592, Revised Statutes, the town of Caldwell is shown to be such "subdivision;" if that term relates to and means "subdivision" as laid off by virtue of some legal authority, as school districts, justices' precincts, etc., then said town was a subdivision of the

county, as shown by the agreed facts. When the freeholders of the said town voted into existence the law preventing the running at large of hogs, sheep and goats, and said law became operative in said limits, it became so in a subdivision of Burleson county. It is contended by the appellant that, although the law was operative in said town of Caldwell, said town could merge itself into a larger subdivision, and hold another election for the same purposes and under the same laws in said larger subdivision. To this construction we cannot agree.

Articles 4592, 4592a–4610, Sayles' Civil Statutes, comprise all the statutory enactments as to what contingencies will authorize the election by the commissioners' court under chapter 4, title 93, of the Revised Statutes. By article 4592 it is provided that "upon the petition of twenty freeholders of any subdivision of a county the commissioners' court of such county shall order an election to be held in said . . . subdivision on some day named in the order for the purposes of enabling the freeholders of said . . . subdivision to determine whether hogs, sheep or goats shall be permitted to run at large in such . . . subdivision." Article 4592a provides for holding the aforesaid election in "territory" intervening between two "subdivisions" of a county in which the law is operative, but this statute does not apply to this case. Article 4610 applies to certain contingencies based upon the defeat of the law in the therein named localities, but it does not apply here. It will be seen that the provisions of article 4592 provide for holding elections in "subdivisions" where there is no law in operation with a view of authorizing the freeholders of that subdivision to say whether the said law shall be put into operation. It excludes the idea that an election shall be held to inaugurate a law that is already in force. We are not discussing the question of repeals. When the town of Caldwell held its election, and put the law into effect within the prescribed limits of one mile square, it became a sub-

division of Burleson county, and no other subdivision could be carved out of said county so as to include said town and make it a part of the second subdivision for the purpose of holding an election therein, nor for any other purpose except in cases of elections for the whole county. The election held in the subdivision of the ten square miles is invalid and void because, omitting the town of Caldwell from its limits, metes and bounds, the petition to the court failed to describe the subdivision, and because no step was taken in accordance with law to subject said territory to the operation of the provisions of the stock and fence law. Of the twenty-five freeholders who asked for the second election fifteen were residents of the town of Caldwell and of the territory involved in the first election, leaving only ten names on the list as residents of the territory outside of said town of Caldwell. By the provisions of the law it required the names of twenty freeholders to the petition, resident in the territory to be affected by the election, in order to secure an order for the desired election. We are only discussing the question of the election when applied to a subdivision of a county and not to county elections. In this last case the petitioners may reside in any portion of the county. The plaintiff below (appellant in this court) had no authority to take up, impound or detain the hogs of appellee, and his acts were wrongful. The judgment of the court is correct.

February 14, 1891.                                    Affirmed.