## H. Reuter v. The State.

### No. 2461.    Decided March 25, 1902.

**1.—Keeping Open Saloon on Election Day—Information.**

An information for keeping open a saloon on election day, which alleged that the election was for the entire county and was held in the first ward of the city to determine whether hogs, sheep, or goats should be permitted to run at large in said county, is bad. An election for the entire county could not be legally held in a ward of the city.

**2.—Same.**

An information which charges the keeping open a saloon on the day when an election was held to determine whether hogs, sheep *or* goats should run at large, is bad, because it alleges the election alternatively, and the statute authorizes no such election.

**3.—Same—Election in City.**

An information for keeping open a saloon at an election held in a city to determine whether stock shall run at large within the county, is unauthorized and charges no offense where the city charter gives the exclusive control over the streets and alleys within its limits to the city council, and confers upon said council the authority to control the running at large of cattle and stock within the city limits.

**4.—Same—Order for Election.**

Where the commissioners court ordered an election for the purpose of determining whether hogs, sheep, and goats should be permitted to run at large; and

the county judge ordered the election to prohibit the running at large of hogs, sheep, *or* goats, such an order was in the alternative and therefore illegal.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale, County Judge.

Appeal from a conviction of keeping open a barroom on election day; penalty, a fine of $100.

The opinion states the case.

*Russell & Hudson, Turney, Lewis & Lewis,* and *Muse & Hudson,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with opening and keeping open his saloon on election day, the purpose of the election being to determine whether hogs, sheep, and goats should run at large in Dallas County. The conviction resulted in a fine of $100 as the punishment.

The information, omitting formal parts, charged that the election was held "in said county, in a certain precinct, to wit, in the First ward of the incorporated city of Dallas, for the purpose of enabling the freeholders of said county to determine whether hogs, sheep, or goats should be permitted to run at large in said county; and H. Reuter, during the day on which said election was so held aforesaid, and before the making of this affidavit, did then and there unlawfully and willfully open and keep open in said precinct, a barroom, saloon, house, and establishment where vinous, malt, spirituous, and intoxicating liquors were then and there sold," etc.

Several grounds of objection were urged why this information charges no offense against the law. First, that it charges the election for the entire county was held in the First ward, in the city of Dallas, for the purpose of enabling the freeholders of the county to determine whether hogs, sheep, or goats should run at large in the county. We are of opinion that this point is well taken. The information does so charge; and this is not sufficient. The second objection is, that the information charges in the alternative that the election was held to determine whether hogs, sheep *or* goats should be permitted to run at large. The statute does not authorize an election of this character. See McElroy v. State, 39 Texas Crim. Rep., 529; Hart v. State, 2 Texas Crim. App., 39; Hoskey v. State, 9 Texas Crim. App., 202. Another ground urged is, that the information shows upon its face that the election was held in the incorporated city of Dallas for a stated purpose, and charges no offense, because the city of Dallas has exclusive jurisdiction over the subject matter, and such election is, for that reason, void. Section 54, of the charter of the city of Dallas gives to that municipality the exclusive control over the streets, alleys, etc., within its territorial limits; and section

63 confers upon it authority to control the running at large of cattle and stock of all kinds. In State v. Jones, 18 Texas, 174, the Supreme Court, discussing the principle here involved, uses this language: "The county court does, it is true, possess the general jurisdiction coextensive with the limits of the county to lay and establish public roads and highways, but as that jurisdiction is conferred by general law, which is applicable to every county in the State, it is at all times subject to be changed and modified by special laws acting upon the same subject in particular counties or special localities, though such change will not affect the operation of the general law except in these particular localities which are intended to be taken out of the general rule. Now, the act incorporating the town of Goliad and giving to its council authority to lay out and improve the public highways within the incorporation is a special law upon the same subject coextensive in its operation with the limits of the town, and if acted upon by the council, its effect must be to modify and repeal the general law upon the subject within those limits and to take from the county court its jurisdiction over roads and highways therein." This case is cited with approval in Gonzales County v. Norwood, 79 Texas, 222, and Eckols v. State, 12 Texas Criminal Appeals, 616. In the latter case, appellant relied upon an ordinance granting the right to obstruct a certain part of the street, and offered the ordinance in evidence, which was excluded. This was held error; and it was further held, that this ordinance was a complete defense against the charge. Our Constitution recognizes that different character of corporations, such as counties, cities and towns; and it is a rule of general application, so far as we are aware, that the municipal or city government within its territorial jurisdiction is supreme, so far as the county is concerned. If it be true that the Legislature could order otherwise, it has not done so. On the contrary, it has given to the city of Dallas, within its corporate limits, so far as the county jurisdiction is concerned, authority over this matter. While the commissioners court may have authority to order an election to prohibit the running at large of hogs, sheep, and goats in the county of Dallas, this would not affect the city of Dallas, because the county has no authority to order such election as to the city. See authorities above cited.

Exception was also reserved to the introduction of the order for the election made by the county judge in obedience to the prior order of the commissioners court in regard to holding the election. The commissioners court ordered the election to be held for the purpose of determining whether hogs, sheep, and goats should be permitted to run at large, whereas the county judge ordered the election to prohibit the running at large of hogs, sheep, or goats. This was in the alternative, and was therefore illegal. McElroy v. State, 39 Texas Crim. Rep., 529.

For the reasons indicated, the election as to the city of Dallas was void, and, being void, did not prevent the saloon from being opened on that day, even if the evidence should show that it was opened or kept opened.

There are other nice questions arising under the record, and suggested for revision, but this fully disposes of the case.

The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*

HENDERSON, JUDGE.—I agree that the information was not sufficient, and should have been quashed. It is not necessary to consider other questions.