EARL COWAND v. THE STATE.

No. 4732.  Decided April 17, 1918.

1.—Stock Law—City Charter and Ordinance—Commissioners Court.

Where the Commissioners Court ordered an election to vote upon the question of the stock law and the record showed on appeal that the justice precinct in which said election was held included a part of the City of Dallas, but no election was held therein, as no provision had been made whereby such election could have been held, the conviction for a violation of such stock law could not be sustained, inasmuch as the city had the right to order such an election, and there was no authority in the Commissioners Court to order such election.  Following Reuter v. State, 43 Texas Crim. Rep., 572.

2.—Same—Right of Electors to Vote at Election—Stock Law—Local Option.

Even if the election could have been held, the voters could not be deprived either directly or indirectly of their right to vote upon the question submitted in the election, where it affected their territory.

Appeal from the County Court of Dallas at Law.  Tried below before the Hon. T. A. Work.

Appeal from a conviction of a violation of the stock law; penalty, a fine of five dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.—On question of validity of stock law:  Neuvar v. State, 72 Texas Crim. Rep., 410.

DAVIDSON, PRESIDING JUDGE.—This case, briefly stated, shows that appellant was convicted of violating the local option stock law.  In substance, the record shows that an election was held in what is denominated justice precinct No. 7 of Dallas County.  This territory included, among other things, a part of the City of Dallas known as Oak Cliff.  It is also shown that the law was put into operation covering this particular portion of precinct No. 7.  It is also shown that no election was held in Oak Cliff, and no provision was made whereby an election could be held in said territory.  It is also shown that the voters in territory lying outside of Oak Cliff did all the voting, and by their vote the local option stock law was carried.  The voters of Oak Cliff had no opportunity to vote, no presiding officer was appointed, and in fact no election was held in any voting precinct in Oak Cliff or in that part of the City of Dallas. It is conceded that Oak Cliff is a portion of the City of Dallas, coming within its charter provision, and is controlled by the special charter granted the City of Dallas by the Act of the Thirtieth Legislature.  This special charter granted the City of Dallas gives the City of Dallas control of public grounds, and power to regulate and prohibit the running at large of horses, mules, cattle, sheep, swine, goats, geese and pigeons, and to authorize the distraining, impounding and sale of the same for the cost of the proceedings and the penalty incurred, and to order their

destruction when they can not be sold, and to impose penalties upon the owners thereof for the violation of any ordinances regulating or prohibiting the same.

The questions, so far as this decision is concerned, raised by this record are two: first, that the Commissioners Court of Dallas County had no authority to order an election to prohibit the running at large of stock in the City of Dallas, and, second, that the voters of Oak Cliff, even if the election could be held, could not be deprived by the court either directly or indirectly, or by omission or commission, of their right to vote upon this law where it affected that part of precinct No. 7. Under local option laws the voters of all the territory to be affected by the operation of the law are entitled to vote, provided, of course, they be qualified voters, and there is nothing in the record to show that the voters of Oak Cliff are disqualified by reason of their residence or other reasons, and any attempt to place this local option law upon them without their right to participate in the election would be necessarily, under our law, vicious and illegal. It is deemed unnecessary to discuss such proposition. It it self-evident.

The other proposition, that is, a local option election may not be held in the City of Dallas, or any territory included within its municipal boundaries, was decided in Reuter's case, 43 Texas Crim. Rep., 572. The Legislature gave the right and authority to the City of Dallas to control, regulate, restrain and prohibit the running at large of all stock within its corporate bounds as well as complete control of the streets and public grounds of that city. This would operate to prevent the county from invading the territory of the City of Dallas in attempting to exercise the authority shown by this local option election. While the State has the superior right to control these matters by grant of power, subordinate, of course, to the constitutional inhibition, yet the County Commissioners Court could have no authority to control the streets and matters of that sort within the corporate limits of Dallas. That has been confided by the Legislature to the City of Dallas, and the County Commissioners Court is not invested with authority to control the streets and granted powers to the city within the corporate limits of the City of Dallas. This matter underwent investigation in Reuter's case, supra. That case follows that of State v. Jones, 18 Texas, 874; Gonzales County v. Norwood, 79 Texas, 218, and Echols v. State, 12 Texas Crim. App., 615. An inspection of those cases will show they support the decision in the Reuter case, supra, and the same principle is here involved, and in fact practically it is the same proposition.

For the above reasons this judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.