**BENAT v. DALLAS COUNTY et al.***
(No. 9165.)

(Court of Civil Appeals of Texas. Dallas.
Nov. 8, 1924. Rehearing Denied
Dec. 6, 1924.)

1. **Eminent domain** ⬤⮞6 — **Legislature may designate those authorized to institute condemnation proceedings.**

Legislature has power to name persons, corporations, and municipalities who may institute condemnation proceedings.

2. **Eminent domain** ⬤⮞6—**Power to condemn property must be explicit and undoubted.**

Power to take property by eminent domain must be explicit and undoubted, and only those persons, corporations, and municipalities upon whom requisite authority has been conferred by Legislature can proceed to condemn property.

3. **Eminent domain** ⬤⮞9—**County commissioners' court of Dallas county has no authority to condemn land within city of Dallas for road purposes.**

Under Rev. St. art. 2252, giving commissioners' court of county right to erect bridges within corporate limits of city or town, and, in view of facts that in Loc. & Sp. Acts 1919, 2d Called Sess. c. 63, county commissioners' court of Dallas county is not given jurisdiction over streets, etc., of city of Dallas, and that section 9 thereof by implication forbids such authority, and in view of Rev. St. art. 6862, county commissioners' court of Dallas county has no authority to condemn land for street to re-route road within corporate limits of city of Dallas.

4. **Eminent domain** ⬤⮞58—**Counties may not lay out or control streets and highways of incorporated cities and towns, or condemn property therefor.**

Except in cases coming within general or special statute explicitly conferring authority, counties may not lay out or control streets and highways of incorporated cities and towns, or have property condemned for such purposes.

5. **Eminent domain** ⬤⮞185—**Appearance before commissioners to protest against jurisdiction held not to confer jurisdiction to open road.**

Where commissioners' court of Dallas county was not vested with power of eminent domain to have property within limits of city of Dallas condemned for street or highway purposes, appearance of owner thereof before commissioners appointed by county judge at law to assess damages to protest against jurisdiction did not confer jurisdiction on county court.

⬤⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 4, 1925.

**6. Eminent domain ⚖⟿195—What questions determinable in condemnation stated.**

Where condemnation of property is sought by party having power of eminent domain, all questions that may arise in such proceedings must and should be determined in condemnation proceedings.

**7. Eminent domain ⚖⟿172—Petition to condemn by party not vested with power of eminent domain confers no jurisdiction.**

Where commissioners of county court had no power to take land by eminent domain proceedings within incorporated city, their filing of petition to condemn land did not confer jurisdiction.

**8. Eminent domain ⚖⟿274(1)—Void condemnation proceedings may be enjoined.**

Void condemnation proceedings may be enjoined.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Suit by Gustave Benat against Dallas County and others. From judgment for defendants on demurrer, plaintiff appeals. Reversed and remanded.

Lyle Saxon and W. Hughes Knight, both of Dallas, for appellant.

Claude D. Bell, of Dallas, for appellees.

LOONEY, J. This case is before the court on appeal from the judgment of the court below sustaining a general demurrer urged by appellees to appellant's petition, and in dismissing the cause.

Appellant's cause of action, as alleged, is substantially that he has owned, since December, 1921, certain lots in block 34 of Trinity Heights addition No. 3, which became a part of the city of Dallas in the month of April, 1923. He shows that his home and place of business are established and maintained on this property, and that about April, 1923, appellees, without previous notice to him, attempted to remove certain fences on the premises, and to establish a right of way, and to build a road, but desisted on remonstrance by him; that thereafter, on August 25, 1923, appellant was served with notice that commissioners to assess his damages had been appointed in a condemnation proceeding filed by appellees with the county judge at law of Dallas county, in which they sought to condemn a part of his said premises for the purpose of re-routing, altering, and changing what was known as the Dallas-Lancaster road, and that on the date named in the notice for the hearing, to wit, September 5, 1923, he, through his attorney, appeared before these commissioners, and protested against their action and the condemnation proceeding on the ground that they had no jurisdiction or authority to establish or change a highway within the corporate limits of the city of Dallas, and that the land they sought to condemn was a part of and within the city of Dallas, over which said city, acting through her duly elected and constituted commissioners under her special charter provisions, possessed the exclusive power to condemn the land in question for highway purposes; that, notwithstanding appellant's protest, the commissioners appointed by the county judge at law proceeded to hear evidence, and assessed appellant's damages at the sum of $250. He alleges that he fears appellees will, under and by virtue of said proceedings, unless restrained, enter upon and take possession of his said property, thereby causing him irreparable injury, for which he has no adequate remedy at law, wherefore he prayed for a permanent injunction prohibiting appellees from in any way entering upon his property, or grading or building a highway through the same, and that the attempted condemnation proceedings be decreed void and of no effect, and that appellees be prohibited from taking any further action therein.

The only question presented for our determination is, Did appellees, the county of Dallas and her commissioners' court, have the power to condemn for highway purposes appellant's land situated, as it is, wholly within the corporate limits of the city of Dallas?

[1, 2] The Legislature has the undoubted power to name the persons, corporations, and municipalities who may institute condemnation proceedings, but, as the taking of the property of the citizen in this summary manner is in derogation of the common-law modes of procedure, the power to do so must be explicit and undoubted, and those, and only those, persons, corporations, and municipalities upon whom the requisite authority has been conferred by the Legislature can put in motion the statutes furnishing the procedure for the condemnation of property.

[3] The petition filed by appellees with the county judge at law of Dallas county for the condemnation of appellant's land conferred no jurisdiction or authority for the appointment of the special tribunal to assess damages, unless the Legislature has conferred on Dallas county and her commissioners' court the power to condemn lands for highway purposes within the corporate limits of the city of Dallas. This authority, if it exists at all, will be found in some provision of the special road law for Dallas county, or in some general statute.

The Thirty-Sixth Legislature at its second called session in 1919 enacted a special road law for Dallas county, known as chapter 63, p. 172, Loc. & Sp. Sess. Acts. We deem it unnecessary to review at any length this special road law, because it will be examined in vain for any provision giving appellees jurisdiction over any of the streets, alleys, highways, or public grounds of the city of Dallas, and there is nowhere found any authority in appellees for the exercise of the pow-

---

⚖⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

er of eminent domain for highway purposes over any lands in said city. In fact, this authority is impliedly forbidden, as section 9 of said act provides that the cardinal and intermediate roads, which are the first-class roads leading to and from the county seat, shall each begin at the corporate limits of the city of Dallas. Thus the idea is excluded that the Legislature, in this act, intended to confer jurisdiction on appellees to exercise ownership, control, or management in or over the highways of said city, or to condemn property therein for highway purposes.

The only general statute bearing on the subject is Rev. St. art. 2252, as follows:

"Whenever the commissioners' court of any county shall deem it to the interest of the county to erect any bridge or bridges within the corporate limits of any city or town, said court may make contracts therefor, and erect said bridges to the same extent and under the same conditions now prescribed by law for the construction of bridges outside of the limits of any city or town."

Appellees were not intending to use the land of appellant for the purpose of erecting a bridge, the purpose being to re-route the Dallas-Lancaster road, which involved the location of a roadbed at a subgrade of seven feet. As the facts of the case do not bring it within the meaning of the statute just quoted, we refrain from expressing any opinion as to its meaning and scope.

Appellees insist that under the doctrine of Smith v. Cathy, 226 S. W. 158, decided by this court, opinion by the late Chief Justice Rainey, the proceedings in question are justified. We cannot accept this view. The Smith-Cathy Case did not involve the right of the county to lay out or control a street in the city of Winnsboro, or to condemn land for that purpose. The suit was by a taxpayer to enjoin the commissioners'· court of Wood county from expending the county's funds in paving Main street in the incorporated city of Winnsboro. This court held in harmony with the doctrine of other cases, and also in harmony with rulings of the Attorney General, that the commissioners' court was authorized to expend county funds to pave the street, as the city authorities did not object. This is as far as the doctrine goes, and is as far, in our judgment, as it should be extended. To hold that there is, within our incorporated cities and towns, a twilight zone in which the county and city authorities have concurrent jurisdiction with equal authority to lay out or regulate and keep in repair, streets, and highways is to invite unseemly conflicts and interminable confusion to the detriment of the public. Commissioners' courts are authorized to assume control over the streets and alleys of incorporated cities and towns only when the city or town government has ceased to function as such. See article 6862, Revised Statutes.

[4] We are thus brought to the view that,

except in cases coming within the scope of some general or special statute in which authority is explicitly conferred, counties are without authority to lay out or control streets and highways of the incorporated cities and towns, or to have property condemned for such purposes. State v. Jones, 18 Tex. 874; Norwood v. Gonzales County, 79 Tex. 222, 14 S. W. 1057; Echols v. State, 12 Tex. App. 616; Reuter v. State, 43 Tex. Cr. R. 572, 67 S. W. 505; Cowand v. State, 83 Tex. Cr. R. 298, 202 S. W. 961.

[5] Appellees make the further contention. that appellant, by filing a protest with the commissioners appointed to assess his damages, fixed jurisdiction in the county court, not only as to the award, but as to all issues raised by him. To sustain this contention they rely upon Ellis v. H. & T. C. Ry. Co. (Tex. Civ. App.) 203 S. W. 172, and other cases to the same effect.

It appears from appellant's allegations that on the day and hour named in the notice served upon him he appeared before the commissioners by his attorney and protested their action on the same ground insisted upon here; that is, that appellees had no jurisdiction over the streets and highways of the city of Dallas and were acting·without legal authority in their attempt to condemn his land. We cannot adopt the view of appellees. The appearance of appellant before the commission did not have the effect to fix or confer jurisdiction on the county court, because, in the circumstances, it was a matter coram non judice, and all proceedings thereunder were necessarily void.

According to our view appellees were not clothed with the power of eminent domain, and were not authorized to proceed, under the statute or to put in motion the procedure prescribed for the condemnation of land in the city of Dallas for highway purposes.

[6] We recognize the correctness of the doctrine of the Ellis and other cases referred to, that is, that where the condemnation of property is sought by a petitioner to whom the power of eminent domain is given by law all questions that may arise in said proceedings, such as the right to exercise the power in the instant case, or the right to condemn the particular property involved, the amount of damages, the regularity of the proceedings, etc., must and should be determined in the condemnation proceedings for the reason that in all such cases the statutes regulating the condemnation of property apply and must therefore control.

[7] This, however, presupposes that the moving party is vested with the power of eminent domain. On the other hand, where it affirmatively appears, as it does in this case, that petitioners (appellees) were not vested with the power of eminent domain, and had no right under the law to have appellant's property, situated within the limits of the city of Dallas, condemned for street or highway purposes, no jurisdiction is conferred

by filing a petition for condemnation, and all proceedings thereunder would be void.

[8] That void condemnation proceedings may be enjoined is not an open question in this state. Appellees should not be permitted to take the property of appellant in an unauthorized proceeding and force him, against his will, to accept the compensation provided by the statutes regulating the condemnation of property, or else to pursue the inadequate remedy of an action for damages with its attendant delay, expense, and annoyances. G. C. & S. F. Ry. Co. v. F. W. & R. G. Ry. Co., 86 Tex. 537, 26 S. W. 54; Haverbekken v. Hale, County Judge, et al., 109 Tex. 106, 204 S. W. 1162.

In accordance with these views, we are of the opinion, and so hold, that the court below erred, and its judgment is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.