**Criminal law ☞1124(4)—Judgment, denying new trial in liquor case and reciting court heard evidence thereon, is conclusive, in absence of report of evidence.**

Where judgment overruling motion for new trial by one who pleaded guilty to charge of unlawful manufacture of intoxicating liquor recites that court heard evidence thereon, the finding is conclusive on appeal, in absence of report of the evidence which was before the trial judge.

Appeal from District Court, Panola County; R. T. Brown, Judge.

M. T. Delaney was convicted of unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

Woolworth & Baker, of Carthage, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The unlawful manufacture of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

A plea of guilty was entered. The conviction is attacked upon the ground that the plea of guilty was due to persuasion. The details consist of an averment that appellant had evidence that he was under the age of 25 years. However, a part of the proof was not available. This was made known to the district attorney, and an agreement was made by which the appellant withdrew his plea of not guilty and entered a plea of guilty, upon the promise by the district attorney that, in the event the jury failed to accord the appellant a suspended sentence, a new trial would be granted. In support of his contention appellant refers to the case of Stafford v. State, 103 Tex. Cr. R. 144, 280 S. W. 218, and the precedents therein cited. Among them is the case of Harris v. State, 17 Tex. App. 559. Stafford's case differs from this one in that the evidence upon the hearing of the motion for new trial was conclusive that the district attorney, as an inducement to the accused to plead guilty, agreed to recommend a suspended sentence, and that if the jury failed to accord it a new trial would be granted. In the present case, however, the motion for new trial is supported by an affidavit. The judgment overruling it, however, recites that the court, "having heard the motion and the evidence thereon submitted, is of the opinion that it should be overruled." The judgment reciting that evidence was heard, the finding of the court against the accused is conclusive on appeal, in the absence of a report of the evidence which was before the trial judge. See Lopez v. State, 84 Tex. Cr. R. 422, 208 S. W. 167; Hickox v. State, 95 Tex. Cr. R. 173, 253 S. W. 823; Cade v. State, 96 Tex. Cr. R. 523, 258 S. W. 484, and other cases collated in Crouchette v. State, 99 Tex. Cr. R. 572, 271 S. W. 100. See, also, Jones v. State, 103 Tex. Cr. R. 282, 280 S. W. 588.

There are no other questions raised.

The judgment is affirmed.

---

## ENGLISH v. STATE. (No. 9262.)

(Court of Criminal Appeals of Texas. March 16, 1927.)

**Animals ☞50(2)—Territory within incorporated city may be included in district wherein Stock Law election is ordered (Rev. St. 1925, art. 6954).**

Under Rev. St. 1925, art. 6954, authorizing election on question of whether stock shall run at large on petition of freeholders of county or subdivision thereof, it is legal to include in district wherein election is ordered the territory embraced within incorporated city, notwithstanding it may prohibit stock from running at large within corporate limits by ordinance.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

C. C. English was convicted of violating the Stock Law, and he appeals. Affirmed.

Howth, Adams & Hart, of Beaumont, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The appellant was convicted in the county court of Jefferson county for violating the Stock Law in precinct No. 2 of said county, and his punishment assessed at a fine of $5.

Appellant was tried and convicted on an agreed statement of facts. It was agreed that the defendant permitted one head of cattle belonging to him to run at large in precinct No. 2 in Jefferson county, and that the incorporated city of Port Arthur is within said precinct No. 2; that said one head of cattle was not permitted to run at large within the corporate limits of Port Arthur, but was permitted to run at large within precinct No. 2 of Jefferson county, outside of the corporate limits of the said city of Port Arthur; that an election was held in precinct No. 2 of Jefferson county on March 17th to determine whether stock should be permitted to run at large in said precinct, and that the election resulted in favor of prohibiting stock from running at large therein, and that the election was held and the result declared in conformity with the law, unless it can be held that the election was void, because it included the incorporated city of Port Arthur within the territorial limits of the said precinct No. 2 of Jefferson county; that the majority of the persons signing the petition asking for the election resided in Port Arthur, and that at the time of, and long prior to the time of holding said election and the signing of the petition therefor, and ever since said time, an ordinance was in full force and effect in the city of Port Arthur prohibiting the running of stock at large in said incorporated city of Port Arthur, and providing a penalty for the violation of said ordinance. It was further agreed that the field notes describing the territory in the petition asking for, and the notice of and the proclamation announcing the result of, said election included all of said precinct No. 2, and included the territory in which the incorporated city of Port Arthur is situated, and in which the Stock Law already existed by virtue of said ordinance, and that the large majority of the people residing in precinct No. 2 of Jefferson county, Tex., at and before the time of the election, and since, reside in the city of Port Arthur in said precinct.

Article 6954, formerly article 7235, Revised Civil Statutes, contains the following:

"Upon the written petition of one hundred freeholders of any of the following counties: * * * Jefferson, * * * or upon the petition of fifty freeholders of any such subdivision of a county as may be described in the petition, and defined by the commissioners' court of any of the above named counties, commissioners' court of said county shall order an election to be held in such county or such subdivision of a county as may be described in the petition and defined by the commissioners' court on the day named in the order for the purpose of enabling the freeholders of such county or such subdivision of a county as may be described in the petition and defined by the commissioners' court to determine whether horses, mules, jacks, jennets and cattle shall be permitted to run at large in such county or such subdivision of a county as may be described in the petition and defined by the commissioners' court; provided that where there is an application for an election to include an entire county there shall not be less than twelve freeholders from each justice precinct of said county as signers to the petition for such election."

This court is called upon to determine whether, upon a proper construction of the statute quoted, it is legal to include in the district wherein the election was ordered the territory embraced within the incorporated city of Port Arthur. In other words, was the election valid whereby the people in the territory within the district named, and not within the corporate limits of the city of Port Arthur, were forbidden to permit their stock to run at large when the votes of the people residing within the incorporated city mentioned contributed to the result of the election? In the opinion of the writer, these questions must be answered in the affirmative, for the reason that the statute mentioned seems to admit of no other interpretation. It is true that the people within a city are not dependent upon the election, but the city might, by ordinance, prohibit stock from running at large within the corporate limits. This was known to the Legislature, however, when the statute was enacted, without providing that in defining a district the commissioners' court should not include the territory embraced in any incorporated city. The statute under consideration expressly declares that the commissioners' court shall order an election for the entire county when petitioned by 100 freeholders. Nothing in the language used can, in the opinion of the writer, imply any intention or direction that the people of the incorporated cities within the counties might not participate, and this as above stated, though such cities might, by ordinances, protect themselves against stock running at large within their boundaries. The language used with reference to the entire county, and the manifest intent that the election should be one in which all freeholders, whether urban or suburban, could participate, is illustrative of the legislative intent in its use of practically the same language with reference to subdivisions of the county. The precedents are not harmonious, but somewhat confusing. See Gilley v. Haddox (Tex. Sup.) 15 S. W. 714; Cowand v. State, 83 Tex. Cr. R. 298, 202 S. W. 961; Reuter v. State, 43 Tex. Cr. R. 572, 67 S. W. 505; Neuvar v. State, 72 Tex. Cr. R. 410, 163 S. W. 58.

From what has been said it follows that, in the opinion of this court, the judgment should be affirmed. It is so ordered.