

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. Roy C. Snodgrass
County Attorney
Potter County
Amarillo, Texas

Opinion No. V-484

Re: Authority of Commission-
ers Court of Potter
County to expend money
from the Road & Bridge
Fund to improve city
streets.

Attention: Hon. John Peterson
Asst. County Attorney

Dear Mr. Snodgrass:

Your request for an opinion of this department relating to the expenditure of funds from the Road and Bridge Fund of Potter County in the improvement of certain streets in the City of Amarillo is substantially as follows:

"The Commissioners Court desires to know whether or not they can legally expend money from the road and bridge fund on certain streets within the City of Amarillo and I am sending you under separate cover a map which includes the greater portion of Potter County, Texas, and shows all county roads and city streets and which map has marked on it the roads desired to be improved.

"The roads to be improved are:

"At the Glenwood School,
24th Street from Cleveland to Mirror,
Mirror Street from 24th to 25th,
25th Street from Mirror to Cleveland.

"At the Sanborn School,
8th Street from Houston to Mirror,
Mirror Street from 7th to 8th,
Roberts Street from 6th to 8th,
7th Street from Roberts to Williams,
Williams Street from 7th to 8th,

8th Street from Williams to Ross.

"At the Dwight Morrow School,
16th Avenue from Arthur to Houston.

"The tentative agreement is as follows:
The City of Amarillo will pay for the excavat-
ing and grading of the roads.  The school dis-
tricts will pay for the topping of the roads.
The property owners will pay for the curb and
gutter work and the County will pay for the
calliche and for putting it on the ground.

"We would like to point out some addi-
tional facts:
"(1)  That all of this work is to be
done in Precinct #1 and better than 90% of
the road and bridge fund is made up from
automobile license fees paid by residents
of Precinct #1.
"(2)  That better than 90% of the peo-
ple of Potter County reside in Precinct #1.
"(3)  That the road improvements to be
done are around and near three schools and
that students of these schools in some in-
stances come from other precincts and during
the winter months, the roads not being hard
surfaced creates an imbearable situation.
"(4)  Numerous people in the City of
Amarillo have pointed out to the Commission-
ers Court the inequity in their minds of not
being able to spend county road and bridge
funds for streets in the City of Amarillo in
Precinct #1 where over 90% of the money in
making up the fund comes from, except on
main arteries through the city which connect
with roads coming into the city limits and
which roads are already improved adequately.

"In view of the above set out facts the
Commissioners Court submits to you the ques-
tion of whether or not the county road and
bridge fund can be spent on the streets enum-
erated and set out above and designated on
the map furnished you and under the conditions
reflected in the fact situation set out above."

Opinion No. V-261, addressed to you, dated
June 23, 1947, held that County Road and Bridge Funds

may be expended in the improvement of city streets with
the consent of said city, provided such streets are an
integral part of the county road system, citing City of
Breckenridge v. Stephens County, 40 S. W. (2d) 43, and
Hughes v. County Commissioners Court of Harris County,
35 S. W. (2d) 818.  The question now presented is wheth-
er the Commissioners Court of Potter County has the
authority to improve streets in the City of Amarillo
which do not form an integral part of the county road
system of said county.  It is assumed from your factual
situation, as well as the map attached thereto, that
the streets in question are not city streets forming a
part of the county road system of Potter County.

In the case of Williams v. Carroll, 182 S. W.
29, the court held that a street generally means a pass-
ageway within the bounds of a municipal corporation,
while a road means a county highway forming a communica-
tion between the city limits of one city or town and
the city limits of another city or town; and while a
street is a highway it is not necessarily true that a
highway is a street.

As to the question of exclusive jurisdiction
over streets, the court in Gabbert v. City of Brownwood,
176 S. W. (2d) 344, stated as follows:

"In 1891 this same question was again
presented in Norwood vs. Gonzales County,
79 Tex. 218, 14 S. W. 1057, 1058, wherein
the Supreme Court declared that the com-
missioners' court was without jurisdiction
to open up a road through land within the
corporate limits of the city of Goliad.
That the word jurisdiction was used ad-
visedly is shown by the holdings that the
proceedings were without effect and in-
capable of ratification, even after the
exclusion of the particular section of
the road from the city limits, thereby
placing it within the jurisdiction of the
commissioner's court.  This resulted, of
course, from the familiar principle that
whatever is void as distinguished from
merely voidable, cannot be validated by
ratification.  The decision in Norwood v.
Gonzales County, supra, has so far as we
know, never been overruled and has been
followed in the following cases:  Benat

v. Dallas County, Tex. Civ. App., 266 S.
W. 539, writ refused, Rueter v. State,
43 Tex. Cr. R. 572, 67 S. W. 505; Bluitt
v. State, 56 Tex. Cr. R. 525, 121 S. W.
168, dissenting opinion; Cowand v. State,
83 Tex. Cr. R. 298, 202 S. W. 961; City
of Breckenridge v. Stephens County, Tex.
Civ. App., 26 S. W. 2d 405. It is true
that the last mentioned case (by this
court) was reversed by the Supreme Court,
but that in so doing that court did not
overrule the Norwood case is clearly
shown by the following quotation from
the opinion:  'Of course, the town or
city governing board primarily has para-
mount jurisdiction of the streets and
highways thereof, and the commissioners'
court would have no authority to improve
streets or highways within municipalities
in conflict with the jurisdiction of the
city to improve the same.'"

Article 6703, Vernon's Civil Statutes, pro-
vides with reference to Commissioners' Court that:

". . . Said court shall assume and
have control of the streets and alleys in
all cities and incorporated towns in Texas
which have no defacto municipal government
in the active discharge of their official
duties."

The decisions of the Texas courts have repeat-
edly held that the Commissioners' Court is a court of
limited jurisdiction and has only such powers as are con-
ferred upon it by the statutes and Constitution of this
State, either by expressed terms or by necessary impli-
cation. Section 18 of Article V, of the Texas Constitu-
tion, Article 2351, V. C. S.; Von Rosenberg v. Lovett,
173 S. W. 508; Galveston H. & S. A. Ry. Co. v. Uvalde
County, 167 S. W. (2d) 1084; 11 Tex. Jur. 564.

By virtue of the fact that the jurisdiction of
city streets is vested exclusively in the City Govern-
ment and in the absence of authority granting to Commis-
sioners' Courts authority over streets in said cities,
it is the opinion of this Department that those streets
in Amarillo which do not form an integral part of the
county road system or connecting links in county roads,

may not be improved or repaired by expenditures from the road and bridge fund of said county.

In your opinion request you state that it is inequitable not to be able to spend the county road and bridge fund for streets in the City of Amarillo in Precinct #1 since at least 90% of the money comes from said precinct. This Department is not in a position to give an opinion as to the division of funds inasmuch as the same is left to the sound discretion of the Commissioners' Court. Suffice it to say that as long as the Commissioners' Court exercises its best judgment and does not act arbitrarily in regard thereto, its findings will not be disturbed. In this connection we are enclosing copies of Attorney General's Opinions Nos. 0-1091 and V-347.

While we are in accord that your factual situtation reflects a hardship, nevertheless, an examination and review of all the statutes relating thereto do not infer the existence of authority to improve city streets not a part of the county road system but indicates the contrary. If, in the future, your factual situation is such that roads are constructed by the county and lead to the streets in question in such a manner that they necessarily become a part of the county road system sufficient authority may exist for improving the streets as a part of the system. However, the duty of supplying such authority for the improvement of the streets in your factual situation is vested wholly with the Legislature.

## SUMMARY

A Commissioners' Court may not legally expend funds from the road and bridge fund of a county in the improvement of city streets within a city which do not form a part of the county road system or connecting links in a county road.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL
BW:mw -encl.

By *Burnell Waldrep*

Burnell  Waldrep
Assistant