ACCEPTED
12-14-00329-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/20/2015 1:22:42 PM
CATHY LUSK
CLERK

FILED
15-0117
2/18/2015 12:28:33 PM
tex-4193118
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. _____

==================================================

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/20/2015 1:22:42 PM
CATHY S. LUSK
Clerk

# IN THE SUPREME COURT OF TEXAS

==================================================

## IN RE LAZY W DISTRICT NO. 1

_____

*Original Proceeding for Writ of Mandamus to the*
*Twelfth Court of Appeals at Tyler in No. 12-14-00329-CV*

_____

### PETITION FOR WRIT OF MANDAMUS

_____

KEITH DOLLAHITE
State Bar No. 05958550
M. KEITH DOLLAHITE, P.C.
5457 Donnybrook Avenue
Tyler, Texas 75703
(903) 581-2110
(903) 581-2113 (Facsimile)
keith@mkdlaw.us

## IDENTITY OF PARTIES AND COUNSEL

| *Party* | *Attorneys* |
|---|---|
| Relator / Defendant, Lazy W District No. 1 | Keith Dollahite<br>keith@mkdlaw.us<br>M. Keith Dollahite, P.C.<br>5457 Donnybrook Avenue<br>Tyler, Texas 75703<br>(903) 581-2110 (Telephone)<br>(903) 581-2113 (Facsimile)<br><br>Evan Lane (Van) Shaw<br>van@shawlaw.net<br>Collen R. Meyer<br>collen@shawlaw.net<br>Law Offices of Van Shaw<br>2723 Fairmount<br>Dallas, Texas 75201<br>(214) 754-7110 (Telephone)<br>(214) 754-7115 (Facsimile)<br><br>Martin Bennett<br>mbennett@ksbpc.com<br>Kugle, Skelton & Bennett, P.C.<br>130 E. Corsicana, Suite 302<br>Athens, Texas 75751<br>(903) 675-5151 (Telephone)<br>(903) 677-4950 (Facsimile)<br><br>Robert Haiman<br>roberthaiman@remingtonhotels.com<br>14185 Dallas Parkway, Suite 1150<br>Dallas, Texas 75254<br>(972) 778-9312 (Telephone)<br>(972) 392-1929 (Facsimile) |

| Party | Attorneys |
|---|---|
| Real Party in Interest / Plaintiff, Tarrant Regional Water District | Hal R. Ray, Jr. hray@popehardwicke.com Michael L. Atchley matchley@popehardwicke.com 500 West 7th Street, Suite 600 Fort Worth, Texas 76102-4995 (817) 332-3245 (Telephone) (817) 877-4781 (Facsimile)<br><br>Tom Henson thenson@rameyflock.com Ramey & Flock, P.C. 100 East Ferguson, Suite 500 Tyler, Texas 75702 (903) 597-3301 (Telephone) (903) 597-2413 (Facsimile) |
| Respondent, Court of Appeals, Twelfth Court of Appeals District | 1517 West Front Street, Suite 354 Tyler, Texas 75702 (903) 593-8471 (Telephone) (903) 593-2193 (Facsimile) |
| Defendant, Beverly Wilson Smith | Jeffrey L. Coe jeff@coelawfirm.com Law Office of Jeffrey L. Coe P.O. Box 1157 Palestine, Texas 75802-1157 (903) 723-0331 (Telephone) (903) 651-6851 (Facsimile)<br><br>Christopher D. Tinsley chris@tinsleypc.com 117 E. Tyler Street Athens, Texas 75751 (903) 677-1802 (Telephone) (903) 677-1850 (Facsimile) |
| Intervenor, Monty Bennett | Monty Bennett, Pro Se mbennett@ahtreit.com 14185 Dallas Parkway, Suite 1100 Dallas, Texas 75254 (972) 980-2700 (Telephone) (972) 392-1929 (Facsimile) |

# TABLE OF CONTENTS

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1.    Does governmental immunity apply to a condemnation case before the trial
      court issues an order appointing commissioners. . . . . . . . . . . . . . . . . . . . . 3

2.    Does governmental immunity deprive the trial court of the jurisdiction
      necessary to appoint commissioners in a condemnation case?. . . . . . . . . . . 3

3.    Does the trial court have jurisdiction to determine its own jurisdiction by ruling
      on a plea to the jurisdiction before it issues an order appointing commissioners
      in a condemnation case?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.    Does the Court of Appeals's ruling that the trial court does not have subject
      matter jurisdiction before it appoints commissioners conflict with this Court's
      decisions in *State v. Nelson* and *PR Investments & Specialty Retailers, Inc. v.
      State?*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5.    Does the Court of Appeals's holding violate this Court's mandate in *Texas
      Dep't of Parks & Wildlife v. Miranda* that the trial court must rule on
      governmental immunity "at its earliest opportunity"?. . . . . . . . . . . . . . . . . 4

6.    Is Relator entitled to mandamus relief?. . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    Lazy W does not have an adequate remedy by appeal. . . . . . . . . . . . . . . . . 6

II.   The Court of Appeals clearly abused its discretion. . . . . . . . . . . . . . . . . . . 8

      A.    Governmental immunity applies to a condemnation case before the trial
            court issues an order appointing commissioners. . . . . . . . . . . . . . . . 8

B.      Governmental immunity deprives the trial court of the jurisdiction necessary to appoint commissioners in a condemnation case. . . . . . 11

C.      The trial court has jurisdiction to determine its own jurisdiction by ruling on a plea to the jurisdiction before it issues an order appointing commissioners.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.      The Court of Appeals's Opinion conflicts with this Court's decisions in *State v. Nelson* and *PR Investments & Specialty Retailers, Inc. v. State* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

E.      The Court of Appeals's holding violates this Court's mandate that the trial court must rule on governmental immunity "at its earliest opportunity.". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate for Factual Statements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Appendix

1.      Order of the Third District Court signed on October 17, 2014, in Cause No. 2014C-0144.

2.      Opinion and Judgment of the Twelfth Court of Appeals issued on February 11, 2015, in Case No. 12-14-00329-CV

# INDEX OF AUTHORITIES

Cases

*Benat v. Dallas Cnty.*, 266 S.W. 539 (Tex. Civ. App. – Dallas 1924, writ ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bennett v. Brown Cnty. Water Imp. Dist. No. 1*, 272 S.W.2d 498 (Tex. 1954). . . . 8

*City of Tyler v. Beck*, 196 S.W.3d 784 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . 17

*Dallas Area Rapid Transit v. Oncor Elec. Delivery Co. LLC*, 331 S.W.3d 91(Tex. App. – Dallas 2010), *rev'd on other grounds*, 369 S.W.3d 845 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013). . . . . . . . . . . 15

*Federal Maritime Com'n v. South Carolina State Ports Authority*, 122 S. Ct. 1864 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.,* 255 S.W.3d 619 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105 (Tex. 1985). . . . . . . . . . . . . 2

*Harrell v. State*, 286 S.W.3d 315 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151 (Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15, 16

*In re Essex Ins. Co.*, 2014 WL 6612590 (Tex. 2014). . . . . . . . . . . . . . . . . . . . . 4, 6

*In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619 (Tex. 2007) . . . . . . . . . . . . . . . . . . 7

*In re Tarrant Regional Water District*, No. 12-14-00329-CV, 2015 WL 545783 (Tex. App. – Tyler 2015, orig. proc.) (not yet released for publication). . . *passim*

*Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556 (Tex. 2014). . . . . . . . . . . . . . . . 9

*LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73 (Tex. 2011). . . . . . . 15

*Lubbock Cnty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297 (Tex. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Oncor Elec. Delivery Co. LLC v. Dallas Area Rapid Transit*, 369 S.W.3d 845 (Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Pinnacle Gas Treating, Inc. v. Read*, 160 S.W.3d 564 (Tex. 2005). . . . . . . . . 11, 13

*PR Investments & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 17-18

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 113 S. Ct. 684 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006) . . . . . . . . . . . 19

*Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 2015 WL 496303 (Tex. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*State v. Brown*, 262 S.W.3d 365 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . 18

*State v. Montgomery Cnty.*, 262 S.W.3d 439 (Tex. App. – Beaumont 2008, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 14

*State v. Nelson*, 334 S.W.2d 788 (Tex. 1960). . . . . . . . . . . . . . . . . . . 4, 17-18

*Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004).. . . . 3, 4, 11, 19

*Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006). . . . . . . . . . . . . . . . 7, 9, 11

*Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429 (Tex. 1986). . . . . . . . . . . 11

*Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692 (Tex. 2003) . . . . . . . . . . . . 8

*Zachry Const. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98 (Tex. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Statutes

TEX. CIV. PRAC. & REM. CODE § 51.014.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. GOV'T CODE § 22.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TEX. GOV'T CODE § 311.034. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12, 14

TEX. PROP. CODE § 21.001, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8-9, 15, 18

TEX. SPEC. DIST. LOC. LAWS CODE § 8380.002. . . . . . . . . . . . . . . . . . . . . . . . 6, 8

TEX. WATER CODE § 49.222 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13, 14

## STATEMENT OF THE CASE

*Nature of Proceeding.* In this eminent domain case, one governmental entity seeks to condemn public property owned by another governmental entity.

*Respondent.* The Court of Appeals, Twelfth Court of Appeals District, Tyler, Texas, is the Respondent.

*Respondent's Action.* The Third District Court, Henderson County, Texas, issued an order that the court would first hear and rule on Relator's plea to the jurisdiction based upon governmental immunity before the court addressed the issue of the appointment of special commissioners for condemnation (CR 619) (App. 1). In a mandamus proceeding, Respondent, the Twelfth Court of Appeals, held that the trial court's order was "void" because the trial court did not have jurisdiction to determine its own jurisdiction. The Court of Appeals ruled that during the first phase of a condemnation case, the trial court has only "limited" jurisdiction to appoint commissioners and will not acquire "subject matter jurisdiction" over the case until and unless the commissioners issue an award and a party objects to the award (Opinion at pgs. 2-4, App. 2) (CR 843). Despite Relator's undisputed governmental immunity, the Tyler Court held "the trial court was without jurisdiction to refuse to appoint special commissioners in this condemnation proceeding" (Opinion at pg. 4).

*Proceedings in the Court of Appeals.* On November 10, 2014, Real Party in Interest, Tarrant Regional Water District, filed its petition for writ of mandamus in the Twelfth Court of Appeals (CR 652). On January 5, 2015, Relator, Lazy W District No. 1, filed its response (CR 810). On February 11, 2015, the Court of Appeals issued

1

its Opinion and Judgment (CR 843). The Court of Appeals prohibited the trial court from considering Relator's plea to the jurisdiction and ordered the trial court to immediately issue an order appointing special commissioners (Opinion at pg. 4). Chief Justice James T. Worthen authored the Opinion; Justices Brian Hoyle and Greg Neeley participated. *In re Tarrant Regional Water District*, No. 12-14-00329-CV, 2015 WL 545783 (Tex. App. – Tyler 2015, orig. proc.) (not yet released for publication). On February 13, 2015, Relator, Lazy W District No. 1, filed its motion for rehearing and an emergency motion for stay until the Court of Appeals rules on such motion for rehearing (CR 850, 869). At the time of the filing of this petition, the Court of Appeals had not yet ruled on such motions. As a result, Relator was forced to file this petition to prevent the trial court from signing the order appointing commissioners on February 19, 2015 (see the accompanying emergency motion for stay).

## STATEMENT OF JURISDICTION

The Supreme Court may issue a writ of mandamus "agreeable to the principles of law" against a court of appeals. TEX. GOV'T CODE § 22.002. The Supreme Court has jurisdiction in this original proceeding to review the issuance of the writ of mandamus by the Tyler Court of Appeals. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 107 (Tex. 1985).

# ISSUES PRESENTED

1.      The Court of Appeals held that "a condemnation proceeding does not become a 'case' until the commissioners have made their award and an objection to it has been filed in the trial court. Consequently, Lazy W's plea to the jurisdiction, filed during the administrative phase, was premature, and the trial court's only course of action was to ignore it until an objection to the commissioners' award had been filed" (Opinion at pg. 4).

   Does governmental immunity apply to a condemnation case before the trial court issues an order appointing commissioners?

2.      According to the Court of Appeals, "[d]uring the administrative phase, the trial court's jurisdiction is limited to appointing the commissioners, receiving their opinion as to value, and rendering judgment based upon the commissioners' award.... Any judgment or order made outside of the statutory authority is void" (Opinion at pg. 3).

   Governmental immunity, however, "deprives a trial court of subject matter jurisdiction," unless the Legislature has waived such immunity. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).

   Does governmental immunity deprive the trial court of the jurisdiction necessary to appoint commissioners in a condemnation case?

3.      The Court of Appeals held that "the trial court was without jurisdiction to refuse to appoint special commissioners in this condemnation proceeding. Accordingly, its ... order refusing to appoint special commissioners is outside its statutory authority and therefore void" (Opinion at pg. 4).

   "Courts always have jurisdiction to determine their own jurisdiction." *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007).

   Does the trial court have jurisdiction to determine its own jurisdiction by ruling on a plea to the jurisdiction before it issues an order appointing commissioners in a condemnation case?

3

4. The Court of Appeals ruled that the "filing of the original objection converts the condemnation proceeding, which has been administrative thus far, into a judicial proceeding and invests the trial court with jurisdiction of the subject matter of the proceeding .... But without a timely filed objection to the commissioners' award, a condemnation proceeding never becomes a civil case and the trial court does not gain subject matter jurisdiction" (Opinion at pg. 3).

   In *State v. Nelson*, the Supreme Court held that the trial court acquires subject matter jurisdiction immediately upon the filing of a proper petition for condemnation. 334 S.W.2d 788 (Tex. 1960). In *PR Investments & Specialty Retailers, Inc. v. State*, the Supreme Court ruled that the trial court retains such jurisdiction throughout the case; its jurisdiction is not conditioned upon or dependent on any later action of the commissioners or the parties. 251 S.W.3d 472 (Tex. 2008).

   Does the Court of Appeals's ruling that the trial court does not have subject matter jurisdiction before it appoints commissioners conflict with this Court's decisions in *State v. Nelson* and *PR Investments & Specialty Retailers, Inc. v. State?*

5. The Court of Appeals held that in a condemnation case, a trial court is not required to rule on a governmental entity's plea to the jurisdiction before taking any other action in a case (Opinion at pg. 4).

   In *Texas Dep't of Parks & Wildlife v. Miranda*, the Supreme Court mandated that a trial court must rule on a governmental entity's plea to the jurisdiction "at its earliest opportunity." 133 S.W.3d 217, 226 (Tex. 2004).

   Does the Court of Appeals's holding violate this Court's mandate in *Texas Dep't of Parks & Wildlife v. Miranda* that the trial court must rule on governmental immunity "at its earliest opportunity"?

6. Mandamus relief is available to correct a clear abuse of discretion when the relator does not have an adequate remedy by appeal, balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 2014 WL 6612590 (Tex. 2014).

   Is Relator entitled to mandamus relief?

4

## STATEMENT OF FACTS

Real Party in Interest / Plaintiff, Tarrant Regional Water District ("TRWD"), filed a petition for condemnation against Relator / Defendant, Lazy W District No. 1 ("Lazy W") – a governmental entity – to take by eminent domain a permanent water pipeline easement and right of way covering 11.623 acres of land owned by Lazy W (CR 1-7). The trial court initially issued an order appointing commissioners (CR 28-29). Lazy W filed a plea to the jurisdiction, asserting that its governmental immunity bars this condemnation suit, and moved to vacate the order appointing commissioners (CR 40). The trial court then vacated its order appointing commissioners (CR 496). The sitting judge recused himself, and a visiting judge was appointed, who also recused herself (CR 545, 614). The Hon. Joe D. Clayton was then appointed to serve as the presiding judge. After a hearing, Judge Clayton signed an order stating: "the court at this time declines to appoint special commissioners in this case and will only do so, if at all, after a hearing has been set and held on the plea to the jurisdiction of [Lazy W] and a ruling is made by the court on that plea" (CR 619). Instead of proceeding with a hearing on the plea to the jurisdiction, however, TRWD filed a petition for writ of mandamus in the Court of Appeals, which conditionally granted the writ, prohibited the trial court from ruling on Lazy W's plea to the jurisdiction, and ordered the trial court to immediately appoint commissioners (Opinion at pg. 4).

## ARGUMENT

I. <u>Lazy W does not have an adequate remedy by appeal.</u>

Mandamus relief is available to correct a clear abuse of discretion when the relator does not have an adequate remedy by appeal, balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 2014 WL 6612590 (Tex. 2014). The Court of Appeals clearly abused its discretion in granting a writ of mandamus against the trial court for the reasons explained below.

Lazy W does not have an adequate remedy by appeal. Lazy W is a municipal utility district and a governmental entity. TEX. SPEC. DIST. LOC. LAWS CODE § 8380.002. The Court of Appeals has ordered the trial court to immediately appoint commissioners for this condemnation proceeding against Lazy W's property (Opinion at pg. 4). Once that occurs, the commissioners must "promptly schedule a hearing." TEX. PROP. CODE § 21.015(a). After the hearing, the commissioners will render a written award and "assess damages ... according to the evidence presented at the hearing." *Id.* § 21.042(a). TRWD will then obtain immediate possession of the property of Lazy W simply by depositing the amount of the award with the court. *Id.* § 21.021. TRWD will remain in possession of Lazy W's land throughout the pendency of the litigation until it is concluded. *Id.* § 21.021. Lazy W will be forced to file objections to the commissioners' award, and the case will proceed to trial as any other civil case, with Lazy W divested of its own property during the pendency of this case. *Id.* § 21.018.

The fundamental purpose of governmental immunity is to protect government property. *Tooke v. City of Mexia*, 197 S.W.3d 325, 331-32 (Tex. 2006). The Court of Appeals has prohibited the trial court from ruling on Lazy W's plea to the jurisdiction for governmental immunity until *after* Lazy W has lost possession of its land to TRWD. In doing so, the Court of Appeals has denied Lazy W the primary benefit of its governmental immunity: the protection of Lazy W's public property. In addition, if the trial court had proceeded as it planned, and denied Lazy W's plea to the jurisdiction, Lazy W would have immediately filed an accelerated appeal and obtained the automatic stay of all condemnation proceedings during the pendency of such interlocutory appeal. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8), (b). The Court of Appeals has denied Lazy W the protection of its statutory rights to an accelerated appeal and automatic stay of the condemnation case.

The Court of Appeals has ordered a court without jurisdiction to appoint commissioners and proceed with a condemnation case, the result of which will enable one governmental entity to obtain possession of public property owned by another governmental entity. Mandamus relief is available to provide Lazy W with the benefits of its governmental immunity. *See In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (mandamus is available to correct denial of plea to the jurisdiction).

II.     The Court of Appeals clearly abused its discretion.

        A.     Governmental immunity applies to a condemnation case before the trial court issues an order appointing commissioners.

Lazy W is "a municipal utility district created under Section 59, Article XVI, Texas Constitution." TEX. SPEC. DIST. LOC. LAWS CODE § 8380.002. A municipal utility district is "a governmental agency and body politic" that has governmental immunity. *Bennett v. Brown Cnty. Water Imp. Dist. No. 1*, 272 S.W.2d 498, 502 (Tex. 1954). Governmental immunity protects a political subdivision like Lazy W to the same extent that sovereign immunity protects the State and its divisions. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003).

The Court of Appeals held that "a condemnation proceeding does not become a 'case' until the commissioners have made their award and an objection to it has been filed in the trial court. Consequently, Lazy W's plea to the jurisdiction, filed during the administrative phase, was premature, and the trial court's only course of action was to ignore it until an objection to the commissioners' award had been filed" (Opinion at pg. 4). Thus, the Court held that governmental immunity cannot apply to a condemnation case until and unless a party files an objection to the commissioners' award. This is clearly wrong for at least four reasons.

First, governmental immunity arises from Lazy W's status as a governmental entity. Governmental immunity does not depend upon or require the action of other parties – i.e., the commissioners in issuing an award or a party in objecting to the award. Under the condemnation statute, the moment when the commissioners issue their award, TRWD can obtain immediate possession of the property of Lazy W

8

simply by depositing the amount of the award with the court. TEX. PROP. CODE § 21.021. Lazy W's governmental immunity arose when TRWD filed its condemnation petition because the fundamental purpose of governmental immunity is to protect government property. *Tooke v. City of Mexia*, 197 S.W.3d 325, 331-32 (Tex. 2006). Immunity applies at this stage of the condemnation suit to accomplish the purpose of protecting Lazy W's public property.

Second, governmental immunity applies to a condemnation action because it is a "case" or "suit" the instant it is filed. A "suit" is "any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him." *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014). The statutory basis for TRWD's power of eminent domain and condemnation case against Lazy W expressly refers to this action as a "suit," TEX. WATER CODE § 49.222(b), and says the "right of eminent domain shall be exercised in the manner provided in Chapter 21, Property Code." Chapter 21 in turn refers to condemnation actions nineteen times as "cases" and twice as "suits." TEX. PROP. CODE CH. 21. Thus, this condemnation proceeding is a "suit" to which governmental immunity applies, even at its initial stage.

Third, in *Dallas Area Rapid Transit v. Oncor Elec. Delivery Co. LLC*, the Dallas Court of Appeals held sovereign immunity barred that condemnation proceeding. 331 S.W.3d 91, 99 (Tex. App. – Dallas 2010), *rev'd on other grounds*, 369 S.W.3d 845 (Tex. 2012). After this Court granted review, the Legislature amended the condemnation statute in that case to provide for an express waiver of

9

sovereign immunity for that type of condemnation proceeding. 369 S.W.3d at 849-850. In its opinion, this Court stated: "We assume, without deciding, that governmental entities are immune from condemnation suits." 369 S.W.3d 845, 849 (Tex. 2012).

Finally, in addition to the Dallas Court in *Dallas Area Rapid Transit v. Oncor Elec. Delivery Co. LLC*, the Beaumont Court has recognized that sovereign immunity applies to a condemnation proceeding, although the Beaumont Court held that the statute in question in that case expressly waived such immunity. *State v. Montgomery County*, 262 S.W.3d 439, 443 (Tex. App. – Beaumont 2008, no pet.). By contrast, the Tyler Court has held that a condemnation proceeding is merely "administrative" until a party objects to the commissioners' award, thereby converting the proceeding to a "judicial" case to which governmental immunity could apply (Opinion at pgs. 2-3). But even if the proceeding were merely "administrative," sovereign immunity would still apply. *See Federal Maritime Com'n v. South Carolina State Ports Authority*, 122 S. Ct. 1864 (2002) (sovereign immunity barred federal agency's administrative action against state agency).

In short, the Court of Appeals clearly abused its discretion in ruling that Lazy W's governmental immunity does not apply in this condemnation case "until the commissioners have made their award and an objection to it has been filed in the trial court" (Opinion at pg. 4).

10

B.    <u>Governmental immunity deprives the trial court of the jurisdiction necessary to appoint commissioners in a condemnation case.</u>

Before a trial court can issue a valid order in any type of case – condemnation or otherwise – the court must have jurisdiction to issue the order. "An order is void when a court has no power or jurisdiction to render it." *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986). Thus, if a court – such as a justice of the peace court – does not have the necessary jurisdiction to sign an order appointing commissioners, its order purporting to appoint commissioners would be void. *Id.* The trial court must possess and exercise jurisdiction to appoint commissioners; otherwise, it has no power even to begin "the administrative phase" of a condemnation case. *See Pinnacle Gas Treating, Inc. v. Read*, 160 S.W.3d 564 (Tex. 2005).

In its Opinion, the Court of Appeals recognized that the trial court has jurisdiction during the first phase of a condemnation proceeding by stating: "During the administrative phase, the trial court's jurisdiction is limited to appointing the commissioners, receiving their opinion as to value, and rendering judgment based upon the commissioners' award" (Opinion at pg. 3). "Limited" or not, the trial court must have jurisdiction to issue an order appointing commissioners.

Governmental immunity, however, "deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued," unless the Legislature has expressly waived such immunity in clear and unambiguous language. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Tooke v. City of Mexia*, 197 S.W.3d 325, 329 (Tex. 2006); TEX.

11

GOV'T CODE § 311.034. "Immunity implicates a court's subject-matter jurisdiction over pending claims, and without jurisdiction the court cannot proceed at all in any cause ...." *Zachry Const. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98 (Tex. 2014). Immunity from suit "bars suit against the entity altogether." *Lubbock Cnty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014). Thus, Lazy W's governmental immunity deprives the trial court of the jurisdiction necessary to appoint commissioners and bars this condemnation suit, unless the Legislature waived such immunity.

Assume for a moment that TRWD filed its petition for condemnation in the justice of the peace court instead of in the district court. In response, Lazy W filed a plea to the jurisdiction asserting that the justice of the peace court does not have jurisdiction. The justice of the peace issued an order stating the court would first rule on the plea to the jurisdiction before addressing the issue of appointing commissioners. Unhappy with such order, TRWD filed a petition for writ of mandamus, asking the Court of Appeals to order the justice of the peace to appoint commissioners before deciding the plea to the jurisdiction so that TRWD can obtain possession of Lazy W's property during the pendency of the case and thereby circumvent Lazy W's governmental immunity. The Court of Appeals ordered the justice of the peace to appoint commissioners, even though the justice of the peace does not have jurisdiction to do so. TEX. PROP. CODE § 21.001. Should this Court then vacate the Court of Appeals's order? Of course – for the same reason that exists in this case.

12

The trial court does not have jurisdiction to appoint commissioners because Lazy W's governmental immunity divests the trial court of such jurisdiction. Lazy W's governmental immunity negates the trial court's threshold jurisdiction that it must have to take the first step of appointing commissioners, a threshold jurisdiction the Supreme Court recognized the trial court must have in *Pinnacle Gas Treating, Inc. v. Read*, 160 S.W.3d 564 (Tex. 2005). If the trial court does not have and exercise such threshold subject matter jurisdiction, it cannot appoint commissioners. *See Benat v. Dallas Cnty.*, 266 S.W. 539, 540 (Tex. Civ. App. – Dallas 1924, writ ref'd) (petition filed by a condemnor that did not have the power of eminent domain conferred no jurisdiction on the trial court to appoint commissioners).

The Court of Appeals did not address the issue of whether the Legislature has waived Lazy W's immunity for a condemnation case because the Court held governmental immunity does not apply "until the commissioners have made their award and an objection to it has been filed in the trial court" (Opinion at pg. 4). To establish a waiver of immunity, TRWD was required in its petition to "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 2015 WL 496303 (Tex. 2015). But in its petition, TRWD did not allege waiver; it alleged only that it has the right to condemn Lazy W's property under TEX. WATER CODE § 49.222 (CR 2-3).

Section § 49.222 does not waive Lazy W's immunity; it does not grant the power of eminent domain over public land or otherwise waive Lazy W's immunity in clear and unambiguous language. When the Legislature waives a governmental

13

entity's immunity to a condemnation case, so that another governmental entity can acquire its property by condemnation, the Legislature does so in clear and unambiguous language, as required by TEX. GOV'T CODE § 311.034. For example, one statute provides: "For transmission facilities ordered or approved by the [PUC] ..., the rights extended to an electric corporation under Section 181.004 include *all public land*, except land owned by the state, on which the commission has approved the construction of the line." This statute satisfied the standard for a waiver of immunity. *Oncor Elec. Delivery Co. LLC v. Dallas Area Rapid Transit*, 369 S.W.3d 845, 848 (Tex. 2012). Another statues states: "A county may exercise the right of eminent domain to condemn and acquire land ... if the acquisition is necessary for ... [a] public purpose authorized by law.... The right of eminent domain conferred by this section extends to *public* or private land, but not to land used for cemetery purposes." This statute also satisfied the standard for a waiver of immunity. *State v. Montgomery Cnty.*, 262 S.W.3d 439, 443 (Tex. App. – Beaumont 2008, no pet.). By contrast, the statutory basis for TRWD's action against Lazy W does not expressly grant TRWD the power to condemn "public land." TEX. WATER CODE §49.222. As a result, it does not clearly and unambiguously waive Lazy W's immunity to this condemnation case.

In summary, the Court of Appeals clearly erred in holding that Lazy W's immunity does not divest the trial court of its jurisdiction to appoint commissioners during the first phase of a condemnation case (Opinion at pg. 3).

14

C. The trial court has jurisdiction to determine its own jurisdiction by ruling on a plea to the jurisdiction before it issues an order appointing commissioners.

According to the Court of Appeals, "the trial court was without jurisdiction to refuse to appoint special commissioners in this condemnation proceeding. Accordingly, its ... order refusing to appoint special commissioners is outside its statutory authority and therefore void" (Opinion at pg. 4).The trial court did not "refuse" to appoint commissioners; instead, it simply ruled it will first address Lazy W's plea to the jurisdiction, and after ruling on such plea, then address TRWD's request for an order appointing commissioners (CR 619). Such order complies with the guiding principle that "[c]ourts always have jurisdiction to determine their own jurisdiction." *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007). The Court has applied this principle often in ruling on governmental immunity. *See, e .g., Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013); *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011).

The condemnation statute does not override this principle: TEX. PROP. CODE CH. 21 uses the word "jurisdiction" in only nine sections,[1] and no section negates the trial court's jurisdiction to determine its own jurisdiction. To the contrary, the statute says a "district court may ***determine all issues***, including the authority to condemn property and the assessment of damages, in any suit" for condemnation. TEX. PROP. CODE § 21.003. Jurisdiction to "determine all issues" surely includes jurisdiction to determine the bedrock issue of whether Lazy W's governmental immunity deprives

---

[1] §§ 21.001, 21.002, 21.003, 21.013, 21.061, 21.025, 21.042, 21.0121, 21.047.

15

the trial court of the jurisdiction required to appoint commissioners.

Prior to the Opinion of the Court of Appeals, no other appellate court had ever held that the trial court in a condemnation case does not have jurisdiction to determine its own jurisdiction. There is nothing about the jurisdiction of a trial court before the appointment of commissioners that negates its jurisdiction to determine its own jurisdiction. A trial court "always" has jurisdiction to determine its own jurisdiction. *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009); *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007).

The Court of Appeals' Opinion will have a far-reaching impact because 9,245 entities in Texas claim to possess the power of eminent domain.[2] The Opinion enables each of those 9,245 public and private entities to file condemnation cases and take possession of the property of other governmental entities before the trial court can rule on pleas to the jurisdiction. By contrast, allowing the trial court to rule on a plea to the jurisdiction before it appoints commissioners will preserve the protection of governmental immunity and promote judicial economy. Consequently, the Court of Appeals erred in prohibiting the trial court from ruling on Lazy W's plea to the jurisdiction at this stage of the condemnation case.

---

[2] http://window.texas.gov/specialrpt/eminent_domain/index.html

D.     <u>The Court of Appeals's Opinion conflicts with this Court's decisions in</u>
    <u>*State v. Nelson* and *PR Investments & Specialty Retailers, Inc. v. State.*</u>

According to the Court of Appeals, the "filing of the original objection converts the condemnation proceeding, which has been administrative thus far, into a judicial proceeding and invests the trial court with jurisdiction of the subject matter of the proceeding .... But without a timely filed objection to the commissioners' award, a condemnation proceeding never becomes a civil case and the trial court does not gain subject matter jurisdiction" (Opinion at pg. 3).

In *State v. Nelson*, this Court held that the trial court acquires subject matter jurisdiction immediately upon the filing of a proper petition for condemnation. 334 S.W.2d 788 (Tex. 1960). Opinions sometimes refer to the first phase of a condemnation case as "administrative," *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006), and the second phase as "judicial" or "appellate." *Id.*; *PR Investments & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 473 (Tex. 2008). This terminology is unfortunate because it creates confusion about jurisdiction, which has happened in this case. Regardless of the terminology used, the trial court's subject matter jurisdiction arises when the condemnor files its petition for condemnation. *State v. Nelson*, 334 S.W.2d at 790. Otherwise, the trial court could not proceed to issue an order appointing commissioners.

The Supreme Court applied this rule in *PR Investments & Specialty Retailers, Inc. v. State*, and held the trial court retains such jurisdiction throughout the case. The trial court's subject matter jurisdiction is not conditioned upon or dependent on any later action of the commissioners or the parties. 251 S.W.3d 472 (Tex. 2008). The

17

trial court retains the subject matter jurisdiction it acquires upon the filing of the petition, even if the condemnor goes to trial on a different plan than the one it submitted to the commissioners. *Id.* at 476. *See also State v. Brown*, 262 S.W.3d 365, 370 (Tex. 2008) (condemnor's amendment of its petition after the commissioners issue their award does not affect the trial court's jurisdiction); *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.,* 255 S.W.3d 619, 626 (Tex. 2008) (same).

The Court of Appeals held the trial court does not acquire subject matter jurisdiction unless and until the commissioners issue their award and a party objects to it (Opinion at pg. 3). If that were true, then if no party objected to the award, the trial court would not have subject matter jurisdiction to enter a final judgment. Yet the statute clearly provides that if "no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment." TEX. PROP. CODE § 21.061. Hence, the statute recognizes that the trial court has subject matter jurisdiction without any party objecting to the commissioners' award.

The Court of Appeals's holding that the trial court does not yet have subject matter jurisdiction at this stage of the proceeding conflicts with *State v. Nelson* and *PR Investments & Specialty Retailers, Inc. v. State*. As a result, the Court of Appeals clearly abused its discretion by prohibiting the trial court from ruling on Lazy W's plea to the jurisdiction.

18

E.    The Court of Appeals's holding violates this Court's mandate that the trial court must rule on governmental immunity "at its earliest opportunity."

A trial court must rule on a governmental entity's plea to the jurisdiction "at its earliest opportunity." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Immunity "protects the government from the distraction and expenses that would ensue if citizens could sue the government whenever they pleased." *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 382 (Tex. 2006) (Brister, J., concurring). A principal benefit of governmental immunity is the prompt termination of a lawsuit for which the Legislature has not waived immunity. Any delay in the trial court's decision on governmental immunity diminishes that benefit and causes the entity to incur unnecessary expenses and risks. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 113 S. Ct. 684, 688 (1993) ("the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds ..."). The Court of Appeals clearly abused its discretion in ordering the trial court to delay its determination of Lazy W's immunity until after the commissioners have issued their award and a party objects to it. Such delay violates this Court's mandate in *Texas Dep't of Parks & Wildlife v. Miranda* and deprives Lazy W of the benefits of its immunity.

## **PRAYER**

The trial court held it would determine its own jurisdiction by first ruling on Lazy W's plea to the jurisdiction before it addresses TRWD's request for an order appointing commissioners (CR 619). The Court of Appeals ordered the trial court to vacate such order, to immediately appoint commissioners, and to postpone a ruling on Lazy W's plea to the jurisdiction until after the commissioners issue their award. As a result, TRWD will obtain possession of Lazy W's land before the trial court rules on Lazy W's plea to the jurisdiction, and Lazy W will lose the protection of its governmental immunity. The Court of Appeals clearly abused its discretion in issuing such order. Lazy W does not have an adequate remedy by appeal. Accordingly, Lazy W urges the Court to grant this petition and to issue a writ ordering the Court of Appeal to vacate its Opinion and Judgment. Lazy W also requests the general and special relief at law or in equity it is entitled to receive.

Respectfully submitted,

M. KEITH DOLLAHITE, P.C.
5457 Donnybrook Avenue
Tyler, Texas 75701
(903) 581-2110
(903) 581-2113 (Facsimile)
keith@mkdlaw.us

/s/ Keith Dollahite
By:_____
M. Keith Dollahite
State Bar No. 05958550

EVAN LANE (VAN) SHAW
State Bar No. 18140500
van@shawlaw.net
COLLEN R. MEYER
State Bar No. 24074709
collen@shawlaw.net
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110 (Telephone)
(214) 754-7115 (Facsimile)

MARTIN BENNETT
State Bar No. 00795037
mbennett@ksbpc.com
KUGLE, SKELTON & BENNETT, P.C.
130 E. Corsicana, Suite 302
Athens, Texas 75751
(903) 675-5151 (Telephone)
(903) 677-4950 (Facsimile)

ROBERT HAIMAN
State Bar No. 00796690
roberthaiman@remingtonhotels.com
14185 Dallas Parkway, Suite 1150
Dallas, Texas 75254
(972) 778-9312 (Telephone)
(972) 392-1929 (Facsimile)

## CERTIFICATE FOR FACTUAL STATEMENTS

Pursuant to TEX. R. APP. P. 52.3(j) and 52.4, I certify that I have reviewed the foregoing petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

/s/ Keith Dollahite

_____

21

# CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this document contains 4,087 words based on the word count of the computer program used to prepare the document, excluding the sections not counted under TEX. R. APP. P. 9.4(i)(1), which is below the maximum of 4,500 words in TEX. R. APP. P. 9.4(i)(2).

/s/ Keith Dollahite
_____

# CERTIFICATE OF SERVICE

A copy of this document was served by email – unless indicated otherwise – to the parties listed below on February 18, 2015.

/s/ Keith Dollahite
_____

| | |
|---|---|
| Hal R. Ray, Jr. <br> Michael L. Atchley <br> 500 West 7th Street, Suite 600 <br> Fort Worth, Texas 76102-4995 | Christopher D. Tinsley <br> 117 E. Tyler Street <br> Athens, Texas 75751 |
| Tom Henson <br> Ramey & Flock, P.C. <br> 100 East Ferguson, Suite 500 <br> Tyler, Texas 75702 | Monty Bennett <br> 14185 Dallas Parkway, Suite 1100 <br> Dallas, Texas 75254 |
| Jeffrey L. Coe <br> Law Office of Jeffrey L. Coe <br> P.O. Box 1157 <br> Palestine, Texas 75802-1157 | Twelfth Court of Appeals <br> 1517 West Front Street, Suite 354 <br> Tyler, Texas 75702 <br> (Via Hand Delivery) |
| Christopher D. Tinsley <br> 117 E. Tyler Street <br> Athens, Texas 75751 | Honorable Joe Clayton <br> 100 E. Ferguson, Suite 1114 <br> Tyler, Texas 75702 |

## INDEX OF APPENDIX

Tab 1      Order of the Third District Court signed on October 17, 2014, in Cause No. 2014C-0144.

Tab 2      Opinion and Judgment of the Twelfth Court of Appeals issued on February 11, 2015, in Case No. 12-14-00329

23

**Tab 1**

**Order of the Third District Court signed on October 17, 2014
in Cause No. 2014C-0144**

NO. 2014C-0144

| | | |
|---|---|---|
| TARRANT REGIONAL WATER DISTRICT, A WATER CONTROL AND IMPROVEMENT DISTRICT, | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| V. | § § | HENDERSON COUNTY, TEXAS |
| LAZY W DISTRICT NO. 1, ALSO KNOWN AS LAZY W CONSERVATION DISTRICT, EAST TEXAS RANCH, L.P., AND BEVERLY WILSON SMITH, | § § § § § | |
| Defendants. | § § | 3RD JUDICIAL DISTRICT |

## ORDER

Plaintiff Tarrant Regional Water District, a Water Control and Improvement District has requested the Court to appoint special commissioners under Section 21.014 of the Texas Property Code. Defendant Lazy W District No. 1 has asked the Court to decline to appoint such commissioners until after the Court has heard its Plea to the Jurisdiction. After considering the arguments of counsel, the Court rules as follows:

IT IS ORDERED that the Court at this time declines to appoint special commissioners in this case and will only do so, if at all, after a hearing has been set and held on the Plea to the Jurisdiction of Defendant Lazy W District No. 1 and a ruling is made by the Court on that Plea.

SIGNED  _10 - 17_____, 2014.

_____
JUDGE PRESIDING

ORDER                                                                                   Sole Page

**Tab 2**

**Opinion and Judgment of the Twelfth Court of Appeals**

# NO. 12-14-00329-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: TARRANT REGIONAL WATER* | *§* | |
| *DISTRICT, A WATER CONTROL* | *§* | *ORIGINAL PROCEEDING* |
| *AND IMPROVEMENT DISTRICT* | *§* | |

## *OPINION*

Tarrant Regional Water District (TRWD) filed a petition for writ of mandamus challenging the trial court's order refusing to appoint special commissioners during the administrative phase of its condemnation proceeding in Henderson County.[1] We conditionally grant the petition.

## BACKGROUND

TRWD filed a petition in condemnation, by which it sought to acquire by eminent domain 7.820 acres of the Lazy W District No. 1 as a permanent easement for a water pipeline. Lazy W filed a plea to the jurisdiction, asserting that governmental immunity bars TRWD's condemnation proceeding.

On October 17, 2014, the trial court signed an order refusing to appoint special commissioners. The order provided further that the court "[would] only do so, if at all, after a hearing has been set and held on the Plea to the Jurisdiction of Defendant Lazy W District No. 1 and a ruling is made by the Court on that Plea." TRWD seeks mandamus relief from this Court.

---

[1] The real party in interest is Lazy W District No. 1, a municipal utility district. The respondent is the Honorable Joe D. Clayton, sitting by assignment in the Third Judicial District Court of Henderson County, Texas.

1

Generally, mandamus relief is appropriate only when the trial court clearly abuses its discretion and there is no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in the issuance of a writ of mandamus. *See id*.

Mandamus is available when a trial court abuses its discretion by entering a void order, regardless of whether appeal is an adequate remedy. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 603 (Tex. 2000).

### THE TRIAL COURT'S JURISDICTION

A condemnation proceeding is not within the general jurisdiction of the court; any power to act is special and depends upon the eminent domain statute. *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 180-81 (Tex. App.–Tyler 2008, orig. proceeding). The Texas land condemnation scheme is a two part procedure involving first an administrative proceeding, and then, if necessary, a judicial proceeding. *See* TEX. PROP. CODE ANN. §§ 21.001-.103 (West 2014); *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex. 1984).

When an entity with eminent domain authority wants to acquire real property for public use but cannot agree with the landowner on the amount of damages, that entity must file a condemnation petition in the proper court, either district court or county court at law, of the county in which the land is located. *Id.* §§ 21.001, 21.012(a), 21.013(a) (West 2014); *see also Amason*, 682 S.W.2d at 241. The judge of the court in which a condemnation petition is filed or to which an eminent domain proceeding is assigned shall appoint three disinterested property owners who reside in the county as special commissioners. TEX. PROP. CODE ANN. § 21.014(a) (West 2014). These special commissioners must promptly schedule an evidentiary hearing on the amount of damages due the property owners, assess the amount of damages, and file their decision with the trial court. *See* TEX. PROP. CODE ANN. §§ 21.014(a), 21.015 (West 2014); *Brazos River Conservation & Reclamation Dist. v. Allen*, 171 S.W.2d 842, 846-47 (Tex. 1943).

From the time the condemnor files the original statement seeking condemnation up to the time of the special commissioners' award, the proceeding is administrative in nature. *Amason*,

**Record Page 000844**

682 S.W.2d at 242. The administrative phase is completely separate from any judicial proceeding that may later take place, and the Property Code says nothing about giving a trial court power to oversee this initial phase. *In re State*, 85 S.W.3d 871, 874 (Tex. App.–Tyler 2002, orig. proceeding) (op. on reh'g.). During the administrative phase, the trial court's jurisdiction is limited to appointing the commissioners, receiving their opinion as to value, and rendering judgment based upon the commissioners' award. *In re State*, 325 S.W.3d 848, 851 (Tex. App.–Austin 2010, orig. proceeding). Any judgment or order made outside of the statutory authority is void. *See, e.g.*, *In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181-82 (judgment void and mandamus available because trial court was without jurisdiction to render final judgment containing provisions not in commissioners' award); *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 824 (Tex. App.–San Antonio 1994, orig. proceeding) (mandamus appropriate where trial court abused discretion by entering void orders granting continuance of commissioners' hearing and resetting to later date).

A party who is dissatisfied with the commissioners' award may file an objection to the commissioners' findings in the trial court. TEX. PROP. CODE ANN. § 21.018(a) (West 2014). If an objection is filed, the court shall cite the adverse party and try the case in the same manner as other civil causes. *Id.* § 21.018(b) (West 2014). The filing of the original objection converts the condemnation proceeding, which has been administrative thus far, into a judicial proceeding and invests the trial court with jurisdiction of the subject matter of the proceeding. *See Denton Cnty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962); *see also In re State*, 85 S.W.3d at 874 ("A court's jurisdiction to act as a judicial tribunal in a condemnation proceeding is limited to that which has been conferred by statute."). But without a timely filed objection to the commissioners' award, a condemnation proceeding never becomes a civil case and the trial court does not gain subject matter jurisdiction. *See, e.g.*, *Brammer*, 361 S.W.2d at 200; *In re State*, 85 S.W.3d at 874.

## AVAILABILITY OF MANDAMUS

When TRWD filed its condemnation petition, the trial court had a statutory duty to appoint three special commissioners. *See* TEX. PROP. CODE ANN. § 21.014(a); *Peak Pipeline Corp. v. Norton*, 629 S.W.2d 185, 187 (Tex. App.–Tyler 1982, no writ) ("It is . . . the absolute duty of the [trial court] [j]udge presiding over the matter to appoint . . . special commission[ers]

3

**Record Page 000845**

once a petition for condemnation has been filed with him."). Lazy W contends that a trial court must rule on a governmental entity's plea to the jurisdiction before taking any other action in a case. *See* ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 226 (Tex. 2004). However, a condemnation proceeding does not become a "case" until the commissioners have made their award and an objection to it has been filed in the trial court. *See, e.g.*, ***Brammer***, 361 S.W.2d at 200; ***In re State***, 85 S.W.3d at 874. Consequently, Lazy W's plea to the jurisdiction, filed during the administrative phase, was premature, and the trial court's only course of action was to ignore it until an objection to the commissioners' award had been filed. *See* TEX. PROP. CODE ANN. § 21.01(b); *see also* ***In re State***, 325 S.W.3d at 851.

We hold that the trial court was without jurisdiction to refuse to appoint special commissioners in this condemnation proceeding.[2] *See* ***In re ETC Katy Pipeline, Ltd.***, 276 S.W.3d 562, 563 (Tex. App.–Waco 2008, orig. proceeding) (op. denying reh'g) (granting mandamus because trial court was without jurisdiction to refuse to appoint special commissioners). Accordingly, its October 17, 2014 order refusing to appoint special commissioners is outside its statutory authority and therefore void. *See* TEX. PROP. CODE ANN. § 21.014(a); ***In re Energy Transfer Fuel, LP***, 250 S.W.3d at 181. We further hold that the trial court abused its discretion by issuing the void order. *See* ***In re Sw. Bell Telephone Co.***, 35 S.W.3d at 605.


## CONCLUSION

Having determined that the trial court's October 17, 2014 is void and constitutes an abuse of discretion, we conditionally grant mandamus relief. Because the order is void, TRWD is not required to show that appeal is an inadequate remedy. ***Id***.

We trust the trial court will promptly vacate its order of October 17, 2014, and issue an order appointing three special commissioners. The writ will issue only if the trial court fails to comply with this court's opinion and order ***within ten days***. The trial court shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.

---

[2] To the extent that the trial court's order can be construed as merely delaying the appointment of commissioners, we note that appellate courts have consistently held that trial courts have no authority to grant continuances, abate, enjoin, set, or otherwise interfere with the commissioners' hearings. *See, e.g.*, ***Garcia***, 884 S.W.2d at 823; ***Norton***, 629 S.W.2d at 187. Thus, orders purporting to hinder or delay the special commissioners in proceeding with the condemnation hearing are void. *See* ***Garcia***, 884 S.W.2d at 823.

4

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 11, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

**Record Page 000847**



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## ORDER

**FEBRUARY 11, 2015**

**NO. 12-14-00329-CV**

**TARRANT REGIONAL WATER DISTRICT,
A WATER CONTROL AND IMPROVEMENT DISTRICT,**
Relator
V.
**HON. JOE D. CLAYTON,**
Respondent

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. 2014C-0144)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **TARRANT REGIONAL WATER DISTRICT, A WATER CONTROL AND IMPROVEMENT DISTRICT**, who is the relator in Cause No. 2014C-0144 pending on the docket of the 3rd Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on November 10, 2014, and the same having been duly considered, because it is the opinion of this Court that the writ of mandamus is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby *conditionally granted*.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate its order of October 17, 2014, and in its stead, issue an order appointing three special

6

commissioners as required by the Texas Property Code, the writ will not issue unless the Honorable Joe D. Clayton, sitting by assignment in the 3rd Judicial District Court, fails to comply with this Court's order ***within ten days*** from the date of this order.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7